Filed:  July 10, 2002

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————————

Nos. 01-4949(L)
(CR-01-60)

———————————

United States of America,

                              Plaintiff - Appellee,

        versus

Michael J. Concessi, et al.,

                              Defendants - Appellants.

———————————

O R D E R

———————————

        The court amends its opinion filed June 3, 2002, as follows:

        On page 2, second full paragraph, line 1; page 3, first paragraph, lines 3, 5, and 8; and page 3, first full paragraph, line 1 -- the references to "Appellees" are corrected to read "Appellants."

                              For the Court - By Direction


                              /s/ Patricia S. Connor
                              Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                             No. 01-4949

MICHAEL J. CONCESSI,
    *Defendant-Appellant.*

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                             No. 01-4951

HEALTHWISE MEDICAL REHABILITATION
CENTERS, P.L.L.C., a/k/a Healthwise,
P.L.L.C.,
    *Defendant-Appellant.*

Appeals from the United States District Court

for the Eastern District of Virginia, at Norfolk.

Raymond A. Jackson, District Judge.

        (CR-01-60)

  Submitted: May 3, 2002

   Decided: June 3, 2002

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gilbert K. Davis, William M. Stanley, Jr., Diane D. Stanley, DAVIS
& STANLEY, L.L.C., Fairfax, Virginia, for Appellants. Paul J.
McNulty, United States Attorney, Alan M. Salsbury, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael J. Concessi and Healthwise Medical Rehabilitation Centers were convicted following a jury trial of one count of health care fraud in violation of 18 U.S.C.A. § 1347 (West 2000) and twenty-three counts of making false statements relating to health care matters in violation of 18 U.S.C.A. § 1035 (West 2000) based on a scheme to defraud the managed health care program established by the Department of Defense known as TRICARE and Civilian Health and Medical Program of the Uniformed Services ("TRICARE/CHAMPUS") and the Federal Employees Health Benefits Program administered by Trigon Blue Cross and Blue Shield ("FEBHP/BCBS"). Concessi was sentenced to thirty months in prison, three years of supervised release, fined a total of $25,000, and ordered to pay $87,379.22 in restitution. Healthwise was placed on a three-year term of probation and fined a total of $158,000.

On appeal, the Appellants argue the district court erred when it denied their motion for judgment of acquittal. We review the denial of a motion for judgment of acquittal de novo. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). We review the verdict to determine whether there is substantial evidence, taken in the light most favorable to the Government, to support the conviction. *Glasser v. United States*, 315 U.S. 60, 80 (1942). When considering the suffi-

2

ciency of the evidence, we do not review the credibility of a witness's testimony. *United States v. Hobbs*, 136 F.3d 384, 391 n.11 (4th Cir. 1998). First, Appellants argue the Government did not produce evidence that Concessi prepared or sent the claim forms to TRI-CARE/CHAMPUS and FEHBP/BCBS. Second, Appellants argue the Government did not produce sufficient evidence of intent to defraud. We have reviewed the evidence and, when viewed in the light most favorable to the Government, it is sufficient to support Appellants' convictions.

Appellants argue the district court erred when it refused to allow expert testimony from several defense witnesses because the notice was untimely under the court's reciprocal discovery order and Fed. R. Crim. P. 16 and failed to provide sufficient summaries of the proffered testimony. We review the district court's decision regarding the admission of expert testimony for abuse of discretion. *United States v. Barsanti*, 943 F.2d 428, 432 (4th Cir. 1991). The expert designations were made the Friday afternoon before a trial that commenced the following Monday and included only the general topics concerning which each proposed expert would testify. The designations, however, failed to describe the witnesses opinions or provide the bases and reasons for the witnesses' opinions. We conclude the district court did not abuse its discretion based on the failure to comply with Rule 16 and the court's discovery order. *See United States v. Dorsey*, 45 F.3d 809, 816 (4th Cir. 1995).

Concessi argues his sentence was improperly calculated. First, Concessi argues the district court erred when it failed to depart from the sentencing guidelines range based on extraordinary restitution and acceptance of responsibility under *U.S. Sentencing Guidelines* §§ 3E1.1, 5K2.0 (2000). Based on Concessi's failure to accept responsibility and pay restitution until after trial and conviction, the district court did not err by failing to downwardly depart or apply a two-level reduction. Second, Concessi argues the district court improperly calculated the amount of loss. The district court's factual finding is reviewed for clear error. *United States v. Godwin*, 272 F.3d 659, 671 (4th Cir. 2001), *petition for cert. filed*, No. 01-9474 (U.S. Mar. 26, 2002). We have reviewed the district court's finding and find no error in its loss calculation.

3

Third, Concessi argues he should not have been subject to a two-level enhancement for obstruction of justice based on perjury. To establish an obstruction of justice enhancement based on perjury, the sentencing court must find by a preponderance of the evidence that the testimony was false, that it concerned a material matter, and that it was given with willful intent to deceive. *United States v. Smith*, 62 F.3d 641, 646 (4th Cir. 1995). We find no error in the district court's factual findings or application of the sentencing enhancement.

Fourth, Concessi argues the district erred when it applied a two-level enhancement for abuse of a position of trust under USSG § 3B1.3. We review the application of the enhancement for clear error. *Godwin*, 272 F.3d at 671. The determination of whether a defendant held a position of trust is examined from the victim's perspective. *Id.* The district court properly concluded Concessi held a position of trust with respect to TRICARE/CHAMPUS and FEHBP/BCBS.

Finally, Concessi argues the application of the sentencing enhancements were in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi*, however, is not implicated because Concessi's sentence was not above the statutory maximum. *See United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

Accordingly, we affirm Concessi's and Healthwise's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4